UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Luis Rodriguez, | Case No. 2:26-cv-00970-CDS-EJY |
| Petitioner | **Service and Appointment of Counsel Order** |
| v. | |
| Pamela Bondi, et al., | [ECF No. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Luis Rodriguez, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. I find that good cause exists to grant the IFP application. I also find that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case. [1]

The petition's only allegation is that Rodriguez has been subjected to "prolonged detention." ECF No. 1-1 at 1. Broadly construing the petition, Rodriguez asserts that his detention is unlawful under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, the petition asserts that he has been in immigration custody since March 18, 2026. ECF No. 1-1 at 5. Without more, it is insufficient to determine if the petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas*, so I defer ruling on the petition, but direct that the petition be served on the United States Attorney's Office for the

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

District of Nevada, given that it will be representing at least one respondent[2] in this matter if an amended petition is filed.

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

It is further ordered that the motion for appointment of counsel **[ECF No. 1-2] is granted**. The Federal Public Defender for the District of Nevada is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days from the entry of this order. If the Federal Public Defender is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the Federal Public Defender files a notice of appearance in this matter, it will then have 30 days to either (1) file an amended petition, or (2) a motion to dismiss the petition. The Federal Public Defender must effectuate service of the amended petition on the respondents.

It is further ordered that the petition (ECF No. 1-1) is deferred.

It is further ordered that the Clerk of Court:

    1.    <u>FILE</u> the petition (ECF No. 1-1).

    2.    <u>ADD</u> the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

---

[2] Because Pamela Bondi is no longer the Attorney General, the Clerk of Court is kindly directed to replace her with Todd Blanche, Acting Attorney General, on the docket and for all future filings.

3.     SEND a copy of the petition (ECF No. 1-1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4.     MAIL a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5.     SEND, through CM/ECF, a copy of the petition (ECF No. 1-1) and this order to counsel for proper respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation.[3]

The Clerk of Court is kindly directly to replace Pamela Bondi with Acting Attorney General, Todd Blanche.

Dated: April 6, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").