UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Luis Rodriguez,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-00970-CDS-EJY

**Order Granting Amended Petition for Writ of Habeas Corpus, Denying as Moot Motion for Temporary Restraining Order, and Ordering the Respondents to Release Petitioner by November 25, 2026, and the Federal Respondents to Show Cause by December 7, 2026**

[ECF Nos. 7, 8]

Petitioner Luis Rodriguez is a citizen of Cuba who is currently in the custody of the United States Immigration and Customs Enforcement (ICE) agency.[1] Am. pet., ECF No. 7 at 2; Resp'ts' Ex. B, ECF No. 13-2 at 2–3. Rodriguez filed an amended petition for a writ of habeas corpus requesting his release because his continued, indefinite detention violates his Fifth Amendment right to due process when his removal is not reasonably foreseeable.[2] ECF No. 7 at 16–18. The federal respondents oppose the amended petition.[3] Return, ECF No. 13. The amended petition is fully briefed. *See* Traverse, ECF No. 15. I grant the amended petition and order Rodriguez's release. I also order the federal respondents to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11.

## I. Background

Rodriguez first entered the United States in 1994, sought asylum, and was released on parole. ECF No. 7 at 5; ECF No. 13-2 at 3. In 1996, Rodriguez was convicted of several felony offenses and was sentenced to a term of imprisonment in Nevada state prison. ECF No. 7 at 5;

[1] I refer herein to all named respondents collectively as "the respondents."
[2] Rodriguez raises other challenges to his detention. ECF No. 7 at 19–24. Because I find his continued detention violates his right to due process, I need not reach those other arguments. Rodriguez also seeks his release through a motion for a temporary restraining order. Mot., ECF No. 8. Because I grant his petition, his motion for a temporary restraining order is denied as moot.
[3] Respondent John Mattos takes no position on the petition. Return, ECF No. 9.

ECF No. 13-2 at 4. While he was serving his term of imprisonment, on September 15, 2015, an immigration judge (IJ) ordered Rodriguez removed to Cuba and Rodriguez waived his right to appeal that decision. ECF No. 7 at 5; Resp'ts' Ex. D, ECF No. 13-4 at 29. After being granted release on parole on January 17, 2018, Rodriguez was transferred to ICE custody, and, on February 12, 2018, was released under an order of supervision, *see* ECF No. 13-4 at 15, 17, due to ICE's inability to remove him to Cuba. ECF No. 7 at 5; ECF No. 13-2 at 9. However, on March 18, 2026, ICE again detained Rodriguez. ECF No. 7 at 5; ECF No. 13-2 at 3. During this detention, ICE gave Rodriguez documents requiring him to take affirmative steps to assist ICE in obtaining a travel document for him and it sought his removal to Mexico. ECF No. 7 at 5–7; ECF No. 7-3 at 2; ECF No. 7-4 at 2; ECF No. 7-5 at 2; ECF No. 13-4 at 2, 5–7, 9, 11. As of the filing of the petition, Rodriguez remains in ICE custody. *See* ECF No. 7.

Based on those allegations, Rodriguez brings this habeas action, arguing that his continued, indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable. ECF No. 7 at 16–18. In support of that assertion, Rodriguez claims he cannot be removed to Cuba because Cuba generally does not to accept Cuban nationals, like him, with criminal convictions. *Id.* at 17 (citing *Perez Canet v. Blanche*, 2026 WL 1091763, at *3 (D. Nev. Apr. 22, 2026) (accepting as undisputed a petitioner's contention that Cuba does not accept Cuban nationals with criminal convictions)). He adds that the federal respondents have not taken steps to obtain a Mexican travel document for him or demonstrate that Mexico would even accept him. *Id.* at 18.

The federal respondents oppose the amended petition. ECF No. 13. They first challenge this court's jurisdiction, arguing that this court does not have jurisdiction to resolve Rodriguez's petition because 8 U.S.C. § 1252(b)(9) and (g) deprive this court of subject matter jurisdiction and instead "funnel judicial review of every aspect of removal proceedings into a petition for review filed in the courts of appeals." *Id.* at 8. Next, they assert that the 90-day removal period has not yet expired because, at the time they filed their return, Rodriguez had only been

detained 80 days. *Id.* at 11. They add that Rodriguez's detention has only continued because he has failed to comply with their efforts to remove him to Mexico. *Id.* at 2, 11. And they claim his detention for 80 days is "far less" than what is authorized under *Zadvydas v. Davis.*[4] *Id.* at 11.

In his traverse, Rodriguez asserts that the federal respondents' jurisdiction argument has been squarely and resoundingly rejected and that United States District Judge Gloria M. Navarro has even warned the federal respondents that "any further seemingly identical arguments without any good-faith arguments for extensions, modifications, or reversals of existing law or for creation of new law may subject them to Rule 11 sanctions." ECF No. 15 at 3 (quoting *Zarate v. Blanche*, 2026 WL 1005872, at *2 n.2 (D. Nev. Apr. 14, 2026)). Rodriguez also argues that his 90-day removal period ended either 90 days after his order of removal became administratively final on September 15, 2015, or after he was transferred to ICE custody on January 17, 2018. *Id.* at 9–11. He adds that, by failing to argue otherwise, the federal respondents concede that there is no significant likelihood of removal to Cuba in the reasonably foreseeable future. *Id.* at 12–13.

## II. Legal authority

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas*, 533 U.S. at 687; *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

---

[4] 533 U.S. 678 (2001) (recognizing a six-month presumptive period of reasonableness for detention under 8 U.S.C. § 1231(a)(6)).

"Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). That 90-day removal period begins on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." *Id.* at 1231(a)(2)(A). The removal period can be extended if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure or conspires or acts to prevent [his] removal subject to an order of removal." *Id.* at 1231(a)(1)(C). But even if the removal period expires, the alien can remain detained for a reasonable time under 8 U.S.C. § 1231 (a)(6). *See Zadvydas*, 533 U.S. at 682 (construing 8 U.S.C. § 1231(a)(6) as containing an implicit "reasonable time" limitation). Six months of total detention is presumed reasonable. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

## III. Discussion

### A. The court has jurisdiction, and the federal respondents are ordered to show cause why they should not be sanctioned for raising an argument that has repeatedly been rejected.

Before considering the merits of Rodriguez's petition, the court first finds that it has jurisdiction. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("As always, before resolving any of the merits arguments, we must first 'assure ourselves that we have jurisdiction.'" (citation omitted)). First, the Ninth Circuit has already implicitly rejected the federal respondents' jurisdiction argument. *See Ibarra-Perez v. United States*, 154 F.4th 989, 995–

1000 (9th Cir. 2025). It is not clear why the federal respondents do not cite or consider this authority. Even more, this District has *repeatedly* rejected the federal respondents' jurisdiction argument. *See Zarate*, 2026 WL 1005872, at *2 (collecting cases). Indeed, the federal respondents have been warned that continuing to raise their jurisdiction argument without any good-faith arguments for extensions, modifications, or reversals of existing law or for creation of new law may subject them to sanctions under Federal Rule of Civil Procedure 11. *Id.* at *2 n.2. Because the federal respondents have failed to do that here, they must show cause why they should not be sanctioned under Rule 11 by Monday, December 7, 2026.

As with other courts in this District, I likewise reject the federal respondents' jurisdiction argument and find that I have subject matter jurisdiction to decide Rodriguez's habeas petition asserting a violation of his Fifth Amendment right to due process. *See Zadvydas*, 533 U.S. 678, 687–88 (noting that "the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear these cases" and that even though "Congress has enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available," "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")

**B. Rodriguez's continued detention violates his right to due process.**

I find Rodriguez's continued detention unconstitutional because (1) the removal period and the presumptively reasonable period of detention have both expired and (2) Rodriguez's removal does not appear significantly likely in the reasonably foreseeable future. Although Rodriguez's order of removal became final on September 15, 2015, he was not released from his non-immigration detention or confinement until January 17, 2018. Accordingly, the 90-day removal period started on January 17, 2018. To the extent that the federal respondents claim that, under § 1231(a)(1)(c), the period of removal was extended due to Rodriguez's failure to comply with their efforts to remove him to Mexico, ECF No. 13 at 11, that argument fails. The federal respondents did not attempt to remove Rodriguez to Mexico until 2026, long after his removal

period would have expired. *See* ECF No. 13 at 2; ECF No. 13-4 at 2, 6–7, 9. Once the removal period expired, § 1231(a)(1)(c) no longer authorized the extension of that removal period. *See Larose v. Blanche*, 2026 WL 1346636, at *4–5 (D. Nev. May 14, 2026). Accordingly, I find that the period of removal began on January 17, 2018, and expired on April 17, 2018. Given that the period of removal has expired, Rodriguez may only remain detained under § 1231(a)(6), which requires his continued detention to be reasonable.

Rodriguez has been detained by ICE since March 18, 2026. Without even considering his ICE detention in 2018, Rodriguez has been detained for longer than six months, which means that his detention is no longer presumptively reasonable. Further, Rodriguez has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future.

Specifically, Rodriguez asserts that Cuba will not repatriate him given his criminal history and that the federal respondents have not taken steps to obtain a Mexican travel document for him. Meanwhile, the federal respondents did not even attempt to rebut that showing. Indeed, they do not even address those points and instead summarily assert that Rodriguez could have been removed to Mexico had he complied with their efforts to remove him. I therefore find that Rodriguez's continued detention violates his Fifth Amendment right to due process and order his release. The federal respondents' failure to comply with due process is unacceptable.

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Luis Rodriguez's amended petition for a writ of habeas corpus **[ECF No. 7] is GRANTED**.

IT IS FURTHER ORDERED that the respondents must release petitioner Luis Rodriguez from the custody of the Nevada Southern Detention Center by Wednesday, November 25, 2026, no later than 1:00 p.m. The respondents must transport Rodriguez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise

Rodriguez's counsel of the estimated time of release in advance of that release for coordination purposes.

IT IS FURTHER ORDERED that Luis Rodriguez is placed under the *same* order of supervision that was in place before he was detained in March 2026. The federal respondents must not impose release conditions that substantially interfere with Rodriguez's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

IT IS FURTHER ORDERED that the respondents return all of Luis Rodriguez's personal property to him upon his release.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of Luis Rodriguez's release no later than Monday, November 30, 2026, at 4:00 p.m.

IT IS FURTHER ORDERED that the respondents are enjoined from re-detaining Luis Rodriguez absent proof of changed circumstances making his removal reasonably foreseeable.

IT IS FURTHER ORDERED that if the respondents desire to remove Luis Rodriguez to a third county, they must (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen.

IT IS FURTHER ORDERED that by Monday, December 7, 2026, the federal respondents must show cause in writing why they should not be sanctioned under Federal Rule of Civil Procedure 11 for again arguing that this court lacks jurisdiction to hear a petition for writ of habeas corpus related to a petitioner's continued detention (and third-country removal) despite

the Ninth Circuit and this District having repeatedly rejected those arguments, and for failing to cite or acknowledge the cases rejecting their argument.

IT IS FURTHER ORDERED that Luis Rodriguez's motion for a temporary restraining order **[ECF No. 8] is DENIED as moot.**

Dated: November 23, 2026

________________________________
Cristina D. Silva
United States District Judge